MOY DENG TOY ex rel. MOY MON DUCK, Petitioner, Appellant, v. John P. JOHNSON, U. S. Commissioner of Immigration, Respondent, Appellee.

(Circuit Court of Appeals, First Circuit. November 30, 1926.)

No. 2040.

Appeal from the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

For opinion below, see 16 F.(2d) 128.

Walter Bates Farr, of Boston, Mass. (Everett Flint Damon, of Boston, Mass., on the brief), for appellant.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (Harold P. Williams, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from an order of the District Court for Massachusetts dismissing a petition for writ of habeas corpus, discharging the writ, and remanding the petitioner to the custody of the commissioner of immigration at Boston for deportation.

Moy Mon Duck seeks admission to the country as the son of Moy Deng Toy, who is conceded to be a citizen of the United States.

The jurisdiction of the court to review the case was the only question heard and decided in the District Court; and the evidence submitted was that taken at the hearings before the immigration authorities, and upon which

16 F.(2d)—9

the applicant had been ordered deported. Judge Brewster, in a careful opinion, reached the conclusion that he had had a fair trial.

The question here presented is the same, whether the record of the proceedings before the immigration authorities discloses that the applicant was denied a fair hearing.

It appears that he was heard first before the board of special inquiry, which entered an order of exclusion; that on appeal to the Secretary of Labor the board of review confirmed the excluding decision; that thereafter the case was reopened and a further hearing had before the board of special inquiry, at which the applicant, his alleged father, and one Moy Ho You testified. At the conclusion of this hearing the board of special inquiry reaffirmed its order of exclusion. The case was again appealed to the Secretary of Labor, and again reviewed by the board of review, which reaffirmed the order of exclusion.

The testimony given by the applicant and his alleged father and uncle contains so many contradictions and inconsistencies, in relation to events said to have taken place in the family life of which they claim to be a part, we think the immigration authorities were warranted in reaching the conclusion that the applicant had not made out his case. At any rate, the record fails to show that he was not accorded a fair hearing.

The decree of the District Court is affirmed.